FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2023

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| QUINN T.,[1]<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No. 2:21-cv-00225-RHW<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ECF Nos. 14, 15, 19** |

Before the Court is the Report and Recommendation issued by Magistrate Judge Alexander C. Ekstrom on August 29, 2023, ECF No. 19, recommending Plaintiff's Motion for Summary Judgment, ECF No. 14, be denied and Defendant's Motion for Summary Judgment, ECF No. 15, be granted.  Plaintiff filed objections to the Report and Recommendation.  ECF No. 20.  After reviewing the Report and Recommendation, the Court finds the Magistrate Judge's findings are correct.  Therefore, the Court adopts the Report and Recommendation in its entirety, albeit

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names.  *See* LCivR 5.2(c).

ORDER - 1

with the following additional explanation.

Plaintiff's objections reiterate the argument that the ALJ had a duty to develop the record due to the "lack of medical evidence" explaining how Plaintiff's severe seizure disorder with cavernous angiomas of the brain impacted Plaintiff's ability to work.  ECF No. 20 at 2.  Plaintiff admits the record does not reveal any additional limitations improperly omitted by the ALJ.  ECF No. 20 at 3.  The ALJ has a duty to develop the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence," but neither of those circumstances are present here.  *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001)).  Plaintiff contends the record was necessarily inadequate because despite concluding Plaintiff has a severe seizure disorder involving the brain at step two, the ALJ did not assess corresponding limitations in the RFC.  ECF No. 20 at 4.  However, a finding of a severe impairment does not necessarily warrant any corresponding limitations in an individual's ability to perform basic work activities.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009).  As noted in the Report and Recommendation, the ALJ's evaluation of the medical evidence, including the opinions of Dr. Mitchell and Dr. Winfrey, was supported by substantial evidence.  The ALJ adequately explained why Plaintiff's impairments did not call for additional limitations in the RFC.  Tr. 23-25.

ORDER ~ 2

Plaintiff further argues that the duty to develop the record was triggered because "Plaintiff's brain injury was never examined." ECF No. 20 at 4. However, there are psychological and neurological assessments by medical providers throughout the record, both before and after the date last insured. The pre- and post-remand hearing evidence included medical and psychological expert testimony concerning Plaintiff's impairments and degree of limitation during the adjudicatory period. Plaintiff's speculation that additional evidence might have been obtained in a consultative examination, ECF No. 20 at 7, is insufficient to warrant remand. *See Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001) (recognizing that the ALJ has broad latitude in ordering consultative examinations). The Court overrules Plaintiff's objections and concludes the record was adequately developed for proper evaluation of the evidence.

Accordingly, **IT IS ORDERED**:

1. Plaintiff's objections to the Report and Recommendation, **ECF No. 20**, are **OVERRULED**.

2. The Report and Recommendation, **ECF No. 19**, is **ADOPTED** in its entirety.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

ORDER - 3

The District Court Executive is directed to enter this order, **ENTER JUDGMENT** in favor of Defendant, forward copies to counsel and Magistrate Judge Ekstrom, and **CLOSE THE FILE**.

DATED October 11, 2023.

<u>s/Robert H. Whaley</u><br>
ROBERT H. WHALEY<br>
Senior United States District Judge

ORDER - 4